IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TROY HOLMES,**

      Petitioner,

v.                    **CIVIL ACTION NO. 5:22-CV-274**
                         Judge Bailey

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 18, 2022, the *pro se* petitioner, Troy Holmes ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On January 20, 2023, respondent filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 16]. On February 13, 2023, petitioner filed a response to the Motion. [Doc. 27]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. *See* **United States v. Holmes**, 2:08-CR-495-HB-1 (E.D. Pa. 2009). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239

1

### A. Conviction and Sentence

On August 21, 2008, the United States Attorney filed an indictment in the Eastern District of Pennsylvania charging petitioner with conspiracy to commit carjacking in violation of 18 U.S.C. § 371; carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119 and 2; and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).  Following a jury trial, petitioner was found guilty of all counts.  On September 21, 2009, petitioner was sentenced to a total term of 300 months imprisonment.  Petitioner's current **projected** release date, via good conduct time, is June 10, 2029.

### B. Direct Appeal

On September 24, 2009, petitioner filed a Notice of Appeal.  On appeal, petitioner contended that "(1) there is insufficient evidence to support his conviction; (2) the District Court improperly denied the jury's request to access the testimony of a witness; (3) his sentence of 300 months of imprisonment was unreasonable; and (4) his trial counsel rendered ineffective assistance of counsel."  **United States v. Holmes**, 387 F. App'x 242, 243–44 (3d Cir. 2010).  The Third Circuit affirmed petitioner's conviction, but denied his ineffective assistance claim without prejudice as to his right to raise the claim in a motion pursuant to 28 U.S.C. § 2255.  **Id.**

### C. § 2255

On April 9, 2014, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Petitioner argued that the

---

(4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").
.

Court erred by sentencing him above the maximum terms, that the court erred in finding that he brandished a firearm during the commission of the carjacking, and that he was denied effective assistance of counsel. On July 24, 2014, the Court denied the Motion. As the Government points out, since the denial of his first § 2255 petition, petitioner has filed several more motions seeking to challenge his conviction or sentence or seeking compassionate release.

### D. Petitioner's Claims

In the instant petition, petitioner asserts four grounds for relief. First, petitioner asserts that he is actually innocent of the carjacking charge because the crime was merely a robbery in which a car was used to escape. Second, that he is actually innocent of the 18 U.S.C. § 924(c) conviction in light of the Supreme Court's decision in **Rosemond v. U.S.**, 572 U.S. 65 (2014). Third, he again asserts that he is actually innocent of the 18 U.S.C. § 924(c) charge because the Government did not show that he knew his codefendant "had the relevant status when codefendant possessed the firearm." [Doc. 1 at 6]. Although not explicitly stated as such, this ground likewise relies on the holding in **Rosemond**. Fourth, petitioner contends his sentencing enhancement as a career offender is invalid.

### III. LEGAL STANDARD

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. **Adams v. Bain**, 697 F.2d 1213, 1219 (4th Cir. 1982); **Mims v. Kemp**, 516 F.2d 21 (4th Cir. 1975). Because

the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See **Materson v. Stokes**, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. **Rice v. Rivera**, 617 F.3d 802, 807 (4th Cir. 2000); **In re Vial**. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by

4

clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." **Anderson v. Pettiford**, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. **In re Vial**, 115 F.3d at 1194, n.5; **In re Jones**, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. **Id**.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**.  See **United**

---

[2] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

*States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  Where a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.  The Fourth Circuit has found that the savings clause may apply to certain sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

Petitioner brings challenges to both his conviction and sentence in the petition.  First, petitioner claims that he is actually innocent of the carjacking conviction; he

contends that "This crime was never a carjacking, but it was a robbery where the car was used as a getaway vehicle." [Doc. 1 at 7]. Because this challenge is to the validity of his conviction, petitioner must satisfy all three conditions of *Jones*. Even if petitioner could meet the first and third prongs of *Jones*, he is unable to meet the second, because the conduct for which he was convicted remain a criminal offenses. *See* 18 U.S.C. §§ 371, 2119, 2, & 924(c). In petitioner's second and third grounds, he contends that he is actually innocent of the § 924(c) conviction, relying on *Rosemond v. U.S.*, 572 U.S. 65 (2014). However, as the respondent points out, *Rosemond* was decided on March 5, 2014. Petitioner filed his first § 2255 motion on April 9, 2014. Accordingly, petitioner cannot meet the second prong of *Jones* as the case law on which he relies was not "subsequent to the prisoner's direct appeal and first section 2255 motion."

Finally, petitioner claims that his career offender sentencing enhancement is invalid because his prior convictions for aggravated assault in New Jersey no longer qualify as "crimes of violence." As respondent points out, even if petitioner could meet the first, second, and third prongs of *Wheeler*, he is unable to meet the fourth prong because he was sentenced under the advisory Sentencing Guidelines. The Fourth Circuit has concluded that a misclassification as a career offender *can* be a fundamental defect if the sentencing occurred pre-*United States v. Booker*, 543 U.S. 220 (2005). *Lester v. Flournoy*, 909 F.3d 708, 714 (4th Cir. 2018). However, the *Lester* Court explicitly noted that had Lester's career offender misclassification occurred under the post-*Booker*, advisory Guidelines, his petition would have been barred as failing to meet the fourth *Wheeler* prong. *Id*. at 715. This is so because post-*Booker*, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id*. When a petitioner is sentenced under the post-

7

***Booker***, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." ***Id***.  In conclusion, the ***Lester*** Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  ***Id***. at 716.  Because the petitioner was sentenced under the post-***Booker***, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth ***Wheeler*** prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because petitioner cannot satisfy the savings clause of § 2255(e) under either ***Jones*** or ***Wheeler***, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss for Lack of Subject Matter Jurisdiction [**Doc. 16**] be **GRANTED** and that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten

(10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  March 15, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE