IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TROY HOLMES,**

    Petitioner,

v.                                                 **Civil Action No. 5:22-CV-274**
                                                        Judge Bailey

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above referenced case is before this Court upon Magistrate Judge Mazzone's recommendation that the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 16] be granted and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

Magistrate Judge Mazzone's Report and Recommendation ("R&R") accurately summarizes the background of this case:

**A. Conviction and Sentence**

On August 21, 2008, the United States Attorney filed an indictment in the Eastern District of Pennsylvania charging petitioner with conspiracy to commit carjacking in violating of 18 U.S.C. § 371; carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119 and 2; and possessing a firearm

1

in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Following a jury trial, petitioner was found guilty of all counts. On September 21, 2009, petitioner was sentenced to a total term of 300 months imprisonment. Petitioner's current projected release date, via good conduct time is June 10, 2029.

### B. Direct Appeal

On September 24, 2009, petitioner filed a Notice of Appeal. On appeal, petitioner contended that "(1) there is insufficient evidence to support his conviction; (2) the District Court improperly denied the jury's request to access the testimony of a witness; (3) his sentence of 300 months of imprisonment was unreasonable; and (4) his trial counsel rendered ineffective assitance of counsel." ***United States v. Holmes***, 387 F. App'x 242, 243–44 (3d Cir. 2010). The Third Circuit affirmed petitioner's conviction, but denied his ineffective assistance claim without prejudice as to his right to raise the claim in a motion pursuant to 28 U.S.C. § 2255. ***Id.***

### C. § 2255

On April 9, 2014, petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner argued that the Court erred by sentencing him above the maximum terms, that the court erred in finding he brandished a firearm during the commission of the carjacking, and that he was denied effective assistance of counsel. On July 24, 2014, the Court denied the Motion. As the Government points

out, since the denial of his first § 2255 petition, petitioner has filed several more motions seeking to challenge his conviction or sentence or seeking compassionate release.

### D. Petitioner's Claims

In the instant petition, petitioner asserts four grounds for relief. First, petitioner asserts he is actually innocent of the carjacking charge because the crime was merely a robbery in which a car was used to escape. See [Doc. 1 at 5]. Second, that he is actually innocent of the 18 U.S.C. § 924(c) conviction in light of the Supreme Court's decision in **Rosemond v. U.S.**, 572 U.S. 65 (2014). [Id.]. Third, he again asserts that he is actually innocent of the 18 U.S.C. § 924(c) charge because the Government did not show that he knew his codefendant "had the relevant status when codefendant possessed the firearm." [Id. at 6]. Fourth, petitioner contends his sentencing enhancement as a career offender is invalid. [Id].

[Doc. 28 at 2–3].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  Petitioner filed his objections [Doc. 30] on March 29, 2023.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also **United States v. Poole***, 531 F.3d 263, 270 (4th Cir.

2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. ***In re Jones***, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

***Poole***, 531 F.3d at 269 (quoting ***In re Jones***, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

***United States v. Wheeler***, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the ***Jones*** test (if challenging the legality of his conviction) or the ***Wheeler*** test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See **Wheeler***, 886 F.3d at 423–26.

In this case, Magistrate Judge found that Mr. Holmes cannot satisfy the savings clause of § 2255(e) under either ***Jones*** or ***Wheeler***. *See* [Doc. 28 at 4–8]. In this case, petitioner challenges both his conviction and sentence. As petitioner's claims relate to his conviction, Magistrate Judge Mazzone noted that petitioner must satisfy all three conditions of ***Jones***. [Id. at 7]. Magistrate Judge Mazzone found that even if petitioner could meet the first and third prongs of ***Jones***, he is unable to meet the second, because the conduct for which he was convicted remains a criminal offense. [Id.]. As petitioner's claims relate to his sentence, Magistrate Judge Mazzone noted that petitioner must meet all four prongs of the ***Wheeler*** test. [Id.]. Magistrate Judge Mazzone found that even if petitioner met the first, second, and third prongs of ***Wheeler***, he cannot meet the fourth prong based on the law in this Circuit. [Id. at 7–8]. As such, Magistrate Judge Mazzone concluded that Mr. Holmes claims may not be considered under § 2241 and this Court is without jurisdiction to consider his petition. [Id. at 8].

In his objections, petitioner claims he does meet the requirements of ***Jones*** and ***Wheeler***. *See* [Doc. 30 at 8]. Specifically, petitioner claims that he meets the second prong of the ***Jones*** test because ***Rosemond v. United States***, 572 U.S. 65 (2014),

invalidated his 924(c) conviction. In support, petitioner states that under ***Rosemond*** it is no longer a federal offense if he did not have knowledge that his co-defendant was armed. [Doc. 30 at 2]. Petitioner also argues that he attempted to amend his § 2255 petition once he learned of the ***Rosemond*** decision but the court denied his request. [Id. at 3]. Petitioner also contends that Judge Mazzone mistakenly took the fact that his third ground relies on the holding in ***Rosemond*** but his third ground actually relies on the decision in ***United States v. Rehaif***, 139 S.Ct. 2191 (2019). [Id. at 4]. Further, petitioner alleges his claims of actual innocence meet the second prong of ***Jones*** because the conduct he was convicted of is not a federal crime. [Id. at 5]. Lastly, Mr. Holmes claims that he did not meet the intent prong of the car jacking statute. [Id. at 5–6]. This Court disagrees.

This Court does not find petitioner's objections persuasive and, upon *de novo* review, finds that the Magistrate Judge reached the correct conclusion. Because petitioner cannot satisfy the savings clause of § 2255(e) under either ***Jones*** or ***Wheeler***, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *See* ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). This Court overrules petitioner's objections and will deny and dismiss his petition without prejudice.

### IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 28]** should be, and is, hereby **ORDERED ADOPTED** for the

7

reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 30]** are **OVERRULED**. The respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction **[Doc. 16]** is hereby **GRANTED** and petitioner's § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 13, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**